IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

HOWARD W. WILSON,
    Plaintiff,

v.

COUNTY OF CHAMPAIGN
ILLINOIS, *et al.*,
    Defendants.

Case No. 2:24-cv-02220-JEH

**Order**

    Plaintiff, proceeding *pro se* and currently incarcerated at Taylorville Correctional Center, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was detained at the Champaign County Jail ("Jail"). (Doc. 12). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Second Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

    In his Second Amended Complaint, Plaintiff files suit against nurse Bobbi Saltzgaver, licensed practical nurse Sierra Carlson, nurse practitioner Aline

Nelson, Advanced Correctional Healthcare, Inc. ("ACH"), and the Champaign County Sheriff's Office ("Sheriff's Office"). Plaintiff does not name Champaign County, Dustin Heuerman, Karee Voges, Joshua Sapp, Ryan Snyder, Jenna Good, Borden, Okuniga, Tanner, Fierro, Wakefield, Celeste Blodgette, and Jeckel as Defendants. Therefore, these Defendants are dismissed without prejudice.

Plaintiff states he was booked into the Jail on October 27, 2023, and held in pretrial detention. Plaintiff alleges that Defendants Saltzgaver, Carlson, and Nelson were deliberately indifferent to the treatment of his methicillin-resistant staphylococcus aureus ("MRSA") infection by failing to provide medical treatment and pain medication for his severe infection. Plaintiff describes his various interactions with Defendants from October 27, 2023, through April 5, 2024, when he was transferred to the Illinois Department of Corrections. Based on his allegations, the Court finds that Plaintiff has adequately alleged a Fourteenth Amendment deliberate indifference claim against Defendants Saltzgaver, Carlson, and Nelson.

Plaintiff attempts to assert a claim of intentional infliction of emotional distress ("IIED") under Illinois law. Plaintiff alleges he declared multiple hunger strikes due to his worsening condition and lack of medical care. To dissuade him from continuing the hunger strikes, Defendants Saltzgaver and Carlson allegedly came to his cell door and mocked, ridiculed, and intimidated him. Plaintiff alleges Defendants' actions "quickened the mental and emotional degradation." (Doc. 12 at p. 18).

"Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in 'extreme and outrageous conduct' that resulted in severe emotional distress." *Dent v. Nally*, No. 16-00442, 2016 WL 2865998, at *4 (S.D. Ill. May 17, 2016) (internal citations omitted). "[E]motional distress alone is not sufficient to give rise to a

cause of action. The emotional distress must be severe…unendurable by a reasonable person….*" Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (internal citations omitted). Defendants must have acted with knowledge of the probable impact their conduct would have on plaintiff. *Burks v. Lt. Sara Soto*, No. 15-00055, 2016 WL 6442181, at *4 (N.D. Ill. Nov. 1, 2016) (internal citations omitted). Plaintiff's threadbare allegations regarding his alleged emotional distress are insufficient to plead an IIED claim. Thus, Plaintiff's IIED claim is dismissed without prejudice.

Plaintiff also alleges that Defendants ACH and the Sheriff's Office "maintained a long-standing policy, practice, or custom of delaying and/or withholding medical treatment to individuals held in pretrial detention at the Jail…." (Doc. 12 at p. 14). Under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), a municipality "may be liable under § 1983 for constitutional violations caused by: (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." *Kristofek v. Vill. of Orland Hills*, 832 F.3d 785, 799 (7th Cir. 2016). "To state a *Monell* claim, the plaintiff must plead factual content that would allow the Court to draw a reasonable inference that: (1) he has suffered the deprivation of a constitutional right; and (2) that an official custom or policy of the City caused that deprivation." *Hoskin v. City of Milwaukee*, 994 F. Supp. 2d 972, 978 (E.D. Wis. 2014) (quoting *Monell,* 436 U.S. at 694-95; *McCauley,* 671 F.3d at 616). This standard requires the plaintiff to "'provid[e] some specific facts' to support the legal claims asserted in the complaint." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Under *McCauley,* "the Court must disregard conclusory and boilerplate statements in the pleadings to determine whether, without those, the plaintiff has alleged sufficient factual matter to state a claim for relief that is plausible on its face." *Hoskin,* 994 F. Supp. 2d at 977 (citing *Iqbal,* 556 U.S. at 683;

and *McCauley.*, 671 F.3d at 617-18). Plaintiff's conclusory allegations are insufficient to proceed on a *Monell* claim against ACH or the Sheriff's Office. Plaintiff also attempts to assert state law conspiracy and *respondeat superior* claims against Defendants ACH and the Sheriff's Office. These claims are dismissed without prejudice.

Finally, Plaintiff asserts he did not receive adequate dental care when he lost a filling and that Defendants Saltzgaver and Carlson denied his request for hearing aids. These claims are not properly joined in the same lawsuit as his claim against Defendants Saltzgaver, Carlson, and Nelson based on their alleged deliberate indifference to the treatment of his MRSA infection. *See* Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted). Plaintiff's claims regarding his dental treatment and the lack of hearing aids are dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's merit review of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment claim against Defendants Bobbi Saltzgaver, Sierra Carlson, and Aline Nelson based on their alleged deliberate indifference to Plaintiff's MRSA infection and associated pain while he was detained at the Champaign County Jail between October 27, 2023, and April 5, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants County of Champaign Illinois, Champaign County Sheriff's Office, Dustin Heuerman, Karee Voges, Joshua Sapp, Ryan Snyder, Jenna Good, Borden, Okuniga, Tanner, Fierro, Wakefield, Celeste Blodgette, Advanced Correctional Healthcare, Inc., and Jeckel are DISMISSED WITHOUT PREJUDICE

for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE these Defendants.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk

Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    7)    This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    8)    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    9)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    10)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

    11)    Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization

to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: April 8, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge