IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

HOWARD W. WILSON,
    Plaintiff,

v.

BOBBI SALTSGAVER, *et al.*,
    Defendants.

Case No. 2:24-cv-02220-JEH

**Order**

    Plaintiff, proceeding *pro se* and currently incarcerated at Taylorville Correctional Center, filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim against Defendants based on their alleged deliberate indifference to his MRSA infection and pain while he was detained at the Champaign County Jail. This matter is now before the Court on Plaintiff's Second Motion for Issuance of a Subpoena. (Doc. 37). For the reasons stated *infra*, Plaintiff's Motion is DENIED.

**I**

    A subpoena may be issued upon a non-party under Federal Rule of Civil Procedure 45. The Court has a duty "to supervise an *in forma pauperis* party's litigation to the end of preventing abuse of the court's process and the privileges granted him under § 1915, [an] authority [that] extends to screening an indigent party's requests for issuance and service of subpoena *duces tecum* on non-parties." *Jackson v. Brinker*, No. 91-471, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992). A court may deny the issuance of a subpoena to a non-party if the subpoenaed materials would be frivolous, immaterial, unnecessary, or unduly burdensome. *Id.*

An indigent plaintiff may not shift discovery costs to a non-party. *Westbrook v. M-R P'ship*, No. 07-140, 2008 WL 711866, at *2 (N.D. Ind. Mar. 14, 2008).

## II

In his Motion, Plaintiff requests the following information:

1. Request slips and responses;

2. Contracts, amendments, and memoranda of understanding between Champaign County Sheriff's Office and Advanced Correctional Healthcare, Inc.;

3. Champaign County Correctional Center policies and regulations in any way regarding medical care provided to inmates and/or the classification of detainees;

4. Comprehensive duty description for each named defendant;

5. Code of conduct for staff, volunteers and contractual employees;

6. Any extraordinary or unusual occurrences reports;

7. Appointment logs with Champaign Healthcare consumers and Champaign County Public Health Division;

8. Any correspondence of any kind to any employee of the Champaign County Sheriff's Office from Howard W. Wilson, including, but not limited to: Sheriff Heuerman, Captain Karee Voges, the Internal Affairs Unit, Lieutenant Joshua Sapp, Lieutenant Jenna Good, Lieutenant any medical staff, any mental health staff, etc.;

9. Any emails or correspondence of any kind from any person that are contained in the medical file, from any security staff, and/or from any administrative personnel, in which emails or correspondence regard, relate to, or otherwise mention Howard W. Wilson; and

10. Shift record for A-Pod, A-3 on the following dates: November 13, 14, 16 and 25, 2023; December 5, 12, 18, 21, 26 and 28, 2023; January 4, 25, 2024; February 6, 9, and 28, 2024; and March 5, 2024.

(Doc. 37-2). On August 13, 2025, Defendants filed a Response to Plaintiff's Motion. (Doc. 42). Defendants state that on August 13, 2025, they served Plaintiff with their First Supplemental Rule 26 Disclosures, along with the following:

1. Champaign County Jail non-medical records (Medical DEF 0622-0857);
2. Champaign County Jail medical records (Medical DEF 0858-1477);
3. Champaign County Jail grievance records (Medical DEF 1478-1719); and
4. Ironshore Policy (Medical DEF 1739-1806).

*Id.* at p. 1; Doc. 42-1. The supplemental disclosures included over 1000 pages of materials from the Champaign County Sheriff's Office. (Doc. 30). Additionally, Defendants' initial disclosures included 621 pages of jail medical records, which are likely duplicative of some materials in the supplemental disclosures. Defendants also answered Plaintiff's interrogatories and requests for production. (Doc. 39). Defendants argue Plaintiff's Motion should be denied because the materials he seeks are largely, if not completely, included in the production they already made.

As a result, the Court finds that Plaintiff's subpoena is unnecessary. *See Jackson*, 1992 WL 404537, at *7. Plaintiff may serve additional discovery requests upon Defendants or renew his Motion for Issuance of a Subpoena for any additional materials which may be relevant.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Second Motion for Issuance of a Subpoena [37] is DENIED.

*It is so ordered.*

Entered: August 14, 2025

s/Jonathan E. Hawley
U.S. District Judge